UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

Bruce Parker,

    Plaintiff,

v.

Darryl Turner, et al.,

    Defendants.
_____/

Case No. 20-12794
Honorable Victoria A. Roberts

**<u>ORDER: (1) DENYING DEFENDANTS' MOTION TO
SEVER [ECF No. 21];
(2) MOOTING PARKER'S MOTION TO STRIKE
AND/OR DISMISS [ECF No. 22];
(3) DENYING WITHOUT PREJUDICE PARKER'S PARTIAL MOTION
FOR SUMMARY JUDGMENT [ECF No. 24]; AND
(4) MOOTING PARKER'S MOTION FOR INTERPLEADER [ECF No. 25]</u>**

### I. INTRODUCTION

This is a pro se prisoner civil rights case pursuant to 42 U.S.C. § 1983.

Bruce Parker alleges that the Defendants retaliated against him for filing grievances by issuing false misconducts, threatening him, and placing him in segregation; that certain corrections officers failed to provide him with medical assistance in violation of his Eight Amendment right; and that certain defendants violated his Fourteenth Amendment right to due process by issuing him false misconducts.

1

Parker filed claims against nine Michigan Department of Corrections ("MDOC") employees who worked at the facility where he was housed, Macomb Correctional Facility ("MRF"): Darryl Turner; Sean Markus; Kimani Sanders; Christopher Sheffield; Michael White; Matthew Nguyen; John Purdom; Jeff Johnston; and Brandon Isrow (collectively, the "Defendants").

Before the Court are: (1) Defendants Isrow, Purdom, Nguyen, White, and Sheffield's motion to sever [ECF No. 21]; (2) Parker's motion to strike and/or dismiss [ECF No. 22]; (3) Parker's motion for partial summary judgment; and (4) Parker's motion for interpleader [ECF No. 25].

## II. BACKGROUND

Parker outlines incidents involving the Defendants on nine dates between March 16, 2020 and June 13, 2020. Here is a brief summary of the incidents, taken from his complaint. [ECF No. 1].

### March 16, 2020

Parker wrote a Prison Rape Elimination Act ("PREA") grievance against Turner alleging sexual misconduct. On that same day, Parker claims Turner issued him a false misconduct in retaliation for the PREA grievance.

### March 17, 2020

Turner called Parker a "rat" in front of other inmates, causing inmates to target Parker.

**March 18, 2020**

Markus told Parker that he was aware of the grievances Parker filed against other Defendants. Markus said that he would make "[Parker's] life a living hell…and was going to set [Parker] up so that he could send [Parker] to segregation." Markus issued Parker a false misconduct. Parker was sent to segregation that same day. The misconduct was subsequently dismissed.

**March 25, 2020**

White used excessive force when he handcuffed Parker, causing injury to Parker's wrist.

**April 14, 2020**

Parker, who was infected and housed in the COVID-19 unit, requested cleaning supplies from Sanders. Sanders refused and issued Parker a false misconduct. Parker says Sanders issued this misconduct because of the grievances Parker filed against other MDOC employees. The misconduct was dismissed.

**May 26, 2020**

Sheffield threatened Parker as he attempted to send legal mail. In retaliation for Parker's grievances filed against other Defendants, Sheffield issued Parker a false misconduct. Parker wrote a grievance against Sheffield. At the grievance hearing, Parker asked White to add Sheffield's retaliation to the hearing report. White refused and found Parker guilty of lesser misconduct.

Parker also suffered an asthma attack on May 26 and Johnston failed to provide medical assistance.

**May 27, 2020**

Sheffield threatened Parker and displayed sexual misconduct against him. Parker filed a regular grievance and a PREA grievance based on the sexual misconduct. Nguyen and White refused to take Parker's complaint against Sheffield. They also failed to protect Parker from Sheffield's abuse.

**May 29, 2020**

The facility attempted to place another inmate in Parker's cell. Parker objected and attempted to discuss the situation with staff. Purdom took Parker to segregation and issued a false misconduct for disobeying a direct order. Parker says Purdom issued the misconduct in retaliation for Parker's

requests to write a grievance against Purdom and his request for protective custody.

**June 13, 2020**

Isrow failed to provide Parker medical assistance after he suffered a severe asthma attack. Parker wrote a grievance against him regarding the incident.

III. DISCUSSION

**A. Defendants' Motion to Sever [ECF No. 21]**

The government requests that the Court sever and dismiss without prejudice all claims *except* those related to Turner and Markus's involvement in the March 16th and 17th incidents pursuant to Fed. R. Civ. P. 21. Defendants argue that Parker's complaint consists of multiple unrelated events at MRF that occurred over three months.

Under Rule 21, a court "may at any time, on just terms, add or drop a party. Fed. R. Civ. P. 21. The court may also sever any claim against a party." *Id.* When considering a Fed. R. Civ. P. 21 motion to sever, courts look to Fed. R. Civ. P. 20 for guidance. *See Coal. to Defend Affirmative Action, Integration and Immigrant Rights and Fight for Equality by Any Means Necessary v. Regents of the Univ. of Mich.*, 701 F.3d 466, 489 (6th Cir. 2012)

(*rev'd on other grounds*, 134 S. Ct. 1623 (2014)). Under Rule 20(a)(2), joinder of defendants is proper if "(A) any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

In response to Defendants' motion, Parker alleges that his complaint details a chain of events or series of transactions or occurrences by the Defendants that was "meant to accomplish one mutually agreed upon end[, to] silence and deter any further grievance filing [and] protected conduct." He alleges a conspiracy amongst the Defendants.

The Court rejects Parker's argument regarding a conspiracy; his complaint fails to plead a conspiracy with particularity. *See Bell Atlantic Corp. v. Twobmly*, 550 U.S. 544, 565 (2007) (allegations of a conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible one.").

Parker filed grievances against a number of MDOC employees. If his allegations are believed, Parker has been retaliated against for filing those grievances. It is true that Parker's complaint details claims involving several

different Defendants over the course of a three month span. However, Parker's theme and allegations — taken as true — are that Defendants' actions were based on a shared retaliatory motive to punish Parker for exercising his First Amendment right to file grievances.

As an example of events that may establish a retaliatory motive, Parker's complaint alleges the following:

- Turner told him that he knew that he was filing complaints. While he was not wearing a mask in the recreational day room, Parker says that Turner wrote him a misconduct for insolence and disobeying a direct order, despite knowing that health care had not yet issued Parker a mask. Parker says Turner issued the misconduct because of Parker's "bullshit grievances" against him and his co-workers.

- Markus told him, "I heard about you[,] who you are[,] and how you keep filing grievances against my co/workers and getting them in trouble."

- Markus told him that he "was going to make his life a living hell and … set him up so that he could send him to segregation." That same day, Markus issued Parker a false misconduct and Parker was sent to segregation.

- On another occasion, when Parker asked for cleaning supplies, Sanders told him "I'm not giving you shit[.] [I]nstead of filing all those grievances you should have been thinking about cleaning then." Sanders issued Parker a false misconduct for inciting a riot or strike that was later dismissed.

The Court finds that the claims against Turner and Markus are related to the retaliation claims against the other seven Defendants and are all part of the same "transaction or occurrence."

"Determining whether Defendants' conduct constituted the same 'transaction or occurrence' for the purpose of Rule 20 joinder is a case-by-case factual analysis." *S.E.C. v. Carroll*, 2011 WL 58880828, at *1-2 (W.D. Ky., 2011). In *Carroll*, the Security and Exchange Commission brought suit against numerous defendants alleging insider trading. The defendants moved for severance, arguing that their alleged conduct was not sufficiently related, did not constitute the same transaction or occurrence, and that there were no questions of law or fact common to all defendants. Although noting that there was no definitive Sixth Circuit case law on the issue, the Court, in denying severance, construed the language of Rule 20 in the context of Fed. R. Civ. P. 13(a), dealing with counterclaims:

> The Supreme Court has interpreted the same 'transaction or occurrence' language in the context of Rule 13(a) counterclaims to 'comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.' *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926). Other courts have applied this construction to the Rule 20 context to allow joinder of all logically related claims for relief. *Mosley* [*v. General Motors*], 497 F.2d [1330] at 1333; accord *Alexander* [*v. Fulton County, Ga.*], 207 F.3d

> [1303] at 1323; *DIRECTV, Inc. v. Barrett*, 220 F.R.D. 630, 631 (D.Kan.2004) and *SEC v. Woodruff*, 778 F.Supp.2d 1073, 1098 (D.Colo.2011). The Sixth Circuit has not adopted or rejected the 'logically related' construction of Rule 20's 'same transaction' requirement, but this Court finds persuasive the reasoning that 'transaction or occurrence' as used in Rule 20 should have the same meaning as it does in Rule 13. Thus, the Court will not require 'absolute identity of all events,' but instead will determine if the alleged facts are so logically related as to comprise the same series of transactions. *Mosley*, 497 F.3d at 1333."

Defendants rely on three unpublished District Court cases, *Fields v. Martin*, No. 13-CV-10166, 2013 WL 5182182 (E.D. Mich. Sept. 13, 2013); *Prince v. Elum*, No. 12-CV-15526, 2013 WL 6230264 (E.D. Mich Jan. 14, 2013); and *Cary v. Robinson*, No. 13-431 (W.D. Mich. Sept. 23, 2014). However, the complaints in those cases did not raise an overarching retaliation claim that tied all claims together. In *Prince*, the plaintiff raised separate retaliation claims against separate defendants in addition to unrelated claims of denial of medical care, violation of the Americans with Disabilities Act, and the Rehabilitation Act against other defendants. Likewise, in *Fields* the plaintiff raised a claim of religious discrimination that was unrelated to his remaining seven claims. In *Cary*, the court permitted joinder of two claims: Claim 1, an alleged taking of a religious medicine bag, and Claim 3, a retaliation claim related to Claim 1. The court held:

9

> Based on these allegations, it appears that Claims 1 and 3 could be permissively joined under Fed. R. Civ. P. 20, because Claim 1 arose out of the 'same transaction, or series of transactions or occurrences' as Claim 3, and both claims appear to involve some common questions of law and fact. Id. at 3-4.

If anything, *Cary* supports Parker's argument that joinder is permissible.

The Court accepts the *Carroll* court's reasoning. *See Carroll*, 2011 WL 58880828, at *1-2. Giving Parker's pro se complaint liberal construction, as the Court must, the Court finds that Parker's rights to relief "arise out of the same transaction, occurrence, or series of transactions or occurrences." Moreover, there is at least one question of law and fact common to all Defendants — the existence of a common retaliatory motive.

The MDOC fails to establish that severance of Markus and Turner is appropriate. The Court **DENIES** the motion to sever.

### B. Parker's Motion to Strike and/or Dismiss [ECF No. 22]

Parker attempts to strike and/or dismiss a motion that the Court already struck. [ECF No. 17]. He also attempts to strike an attorney whose appearance the Court has already accepted. [ECF No. 19].

The Court **DENIES** Parker's motion.

10

## C. Parker's Motion for Partial Summary Judgment [ECF No. 24]

Parker moves for partial summary judgment against Isrow on his Eighth Amendment deliberate indifference claim pursuant to Fed. R. Civ. P. 56.

Parker's claim against Isrow stems from his June 13th asthma attack. He says that he experienced a severe asthma attack from 9:20 a.m. until 10:15 a.m. Parker says he gasped for air and vomited blood. His roommate asked another inmate to inform the corrections officers of Parker's medical emergency, but the officers never rendered aid.

Isrow claims he called health care in response to Parker's medical request. Parker says Isrow did not; he says he was never examined nor was health care ever called. Parker filed a grievance based on the incident. Parker says the response to his grievance against Isrow says that Nurse Lueth, a registered nurse at MRF, saw him in his cell and that he was not in medical distress, nor did he mention an asthma attack. The response noted that Parker mentioned vomiting blood. Parker did not attach his grievance against Isrow or the response to the grievance to his motion.

Defendants say Parker's motion should be denied as premature because discovery has yet to occur. They also say that their motion to sever

[ECF No. 21], if granted, would sever Turner and Markus from the remaining seven Defendants, including Isrow, making this motion moot. The Court denied Defendants' motion to sever, so it considers Parker's motion for partial summary judgment.

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If after doing that the Court determines there is no genuine issue of fact, the defendant's motion must be granted. Fed. R. Civ. P.56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250.

Parker's motion is premature.

"Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. General Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995). *See also Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) ("a motion for summary judgment may not be granted until a plaintiff has had an opportunity for discovery.); *Wells v. Corp. Accts. Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010) ("a motion for summary judgment filed before the close of discovery is often denied as premature in this circuit, either on the opposing party's Rule 56(f)2 affidavit and request or on the court's own initiative without an explicit request from the opposing party.").

"To establish the need for discovery material to respond to a summary judgment motion, the non-moving party must do more than make vague allegations or conclusory statements regarding the need for such discovery." *Hayes Lemmerz Int'l, Inc. v. Epilogics Grp.*, No. 03-CV-70181-DT, 2007 WL 2983999, at *1 (E.D. Mich. Oct. 12, 2007) (citing *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003)). But that is not the case here, where no discovery has occurred. "The better course for a court faced with a pre-discovery summary judgment motion will often be to deny the motion without prejudice or to defer consideration until some discovery has occurred." *CLT Logistics*

*v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011) (quoting Jeffrey W. Stempel & Steven S. Gensler, 11 Moore's Federal Practice § 56.60 (3d ed. 2010)).

Parker filed his motion before any meaningful discovery took place.

The Court **DENIES WITHOUT PREJUDICE** Parker's partial motion for summary judgment.

### D. Parker's Motion for Interpleader [ECF No. 25]

Parker also filed a motion for interpleader pursuant to Fed. R. Civ. P. 22(a)(1). [ECF. No. 25]. He argues that interpleader is required, since severance of Turner and Markus will expose him to double liability. Parker states that Turner and Markus' joinder is appropriate, and that severance will cause undue delay and prejudice.

"'Interpleader is a procedural device which entitles a person holding money or property, concededly belonging at least in part to another, to join in a single suit two or more persons asserting mutually exclusive claims to the fund.'" *Mudd v. Yarbrough*, 786 F.Supp.2d 1236, 1240 (E.D. Ky. 2011) (quoting *White v. Fed. Deposit Ins. Corp.,* 19 F.3d 249, 251 (5th Cir.1994)).

The Defendants point out that Parker attempts to use an interpleader action to frustrate their motion to sever. [*See* ECF. No. 21]. The Court agrees.

Because the Court denied Defendants' motion to sever, Parker's motion for interpleader is **MOOT**.

IV. **CONCLSUION**

The Court:

1. **DENIES** Defendants' motion to sever;

2. **MOOTS** Parker's motion to strike and/or dismiss;

3. **DENIES WITHOUT PREJUDICE** Parker's motion for partial summary judgment; and

4. **MOOTS** Parker's motion for interpleader.

**ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 16, 2021