UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE PARKER,

    Plaintiff,

v.                                       Case No. 20-12794
                                         Honorable Victoria A. Roberts

DARRYL TURNER, ET Al.,

    Defendants.

_____/

## ORDER GRANTING DEFENDANT SANDERS' MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF 50]

### I. Introduction

Bruce Parker ("Parker") filed a civil rights action against defendants – Michigan Department of Corrections (MDOC) officials – alleging official misconduct and retaliation against him. He says they issued false misconduct tickets, threatened him, and placed him in segregation. He also alleges that defendants failed to provide him with medical assistance when needed, in violation of his Eighth Amendment rights.

In his motion, Sanders contends that Parker failed to exhaust administrative remedies. Sanders withdrew his challenge to two of Parker's

1

claims in his reply brief. On the claims still at issue, Sanders is correct that Parker failed to exhaust.

The Court **GRANTS** Sanders' motion for partial summary judgment.

## II. Background

When Parker filed this action against nine defendants, he was incarcerated at the Macomb Correctional Facility (MRF) in New Haven, Michigan, where the alleged misconduct giving rise to his action occurred.

Earlier, eight defendants – Turner, Markus, Sheffield, Johnston, White, Nguyen, Purdom, and Isrow – filed a motion for partial summary judgment based on exhaustion as well. [ECF No. 37]. The Court granted it. [ECF No. 44].

On April 19, 2022, the remaining MDOC defendant, Kimani Sanders, filed this motion for partial summary judgment. [ECF No. 50]. Sanders did not participate in the earlier motion because he was not represented by counsel at the time. He now has representation.

Parker alleges Sanders issued retaliatory misconduct tickets against him for filing grievances. Parker brings five claims against Sanders. Sanders moves to dismiss two of them:

2

Claim 5 – On April 14, 2020, Sanders refused to give Parker cleaning supplies and wrote a misconduct ticket against him in retaliation for his grievances.

Claim 12 – On October 13, 2020, Sanders threatened Parker and wrote a misconduct ticket against him in retaliation for his grievances.

### III. Legal Standard

Under Federal Rule of Civil Procedure 56(a), "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial burden to inform the Court of the basis for his motion and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the non-moving party must set forth specific facts showing a genuine issue for trial. *Id*. at 324. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Unsupported, conclusory statements are insufficient to establish a factual dispute to defeat summary judgment, as is the mere existence of a

scintilla of evidence in support of the non-movant's position; the evidence must be such that a reasonable jury could find in its favor. *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court "views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court only needs to consider the cited materials, but it may consider other evidence in the record. Fed. R. Civ. P. 56(c)(3).  The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249.

## IV. Analysis

Under the Prison Litigation Reform Act ("PLRA"), a prisoner cannot bring an action challenging his prison conditions unless he exhausts administrative remedies. 42 USC § 1997e(a). "This requirement is not jurisdictional; rather, exhaustion is an affirmative defense that must be pleaded and proved by the defendants." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

4

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought into court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Generally, inmates must exhaust through their prison's comprehensive grievance process. The prison's process determines when and if a prisoner has properly exhausted his claim. *Id*. at 218.

In Michigan, the MDOC Policy Directive 03.02.130 sets forth the grievance process prisoners need to follow to seek redress for alleged violations of policy and procedure or unsatisfactory conditions of confinement. There are various steps in the process.

Before submitting a written grievance, the grievant must attempt to resolve any issue with the staff member involved within two business days of becoming aware of the grievable issue. If the issues are not resolved within five business days, the inmate may file a Step I grievance.

If the inmate is dissatisfied with the disposition of the grievance decision, or does not receive a response within ten business days after the due date, he may file a Step II grievance. Finally, the grievant may file a Step III grievance if he is dissatisfied with the Step II result. The grievance process is exhausted once the final response is issued in Step III.

This grievance process applies to prisoners challenging alleged policy violations. As discussed below, the process is different for those who challenge alleged retaliatory misconduct tickets.

### A. E.D. Mich. L.R. 7.1(b)(2) – Leave of the Court to File a Second Summary Judgment Motion

Parker says Sanders' motion should be dismissed pursuant to E.D. Mich. L.R. 7.1(b)(2): "[a] party must obtain leave of court to file more than one motion for summary judgment." Parker says this is defendant's second motion for summary judgment and he failed to seek leave of the court. [ECF No. 51; PageID. 1].

Parker is wrong. This is Sanders first motion. He was not a movant on the summary judgment the other eight MDOC defendants filed on September 20, 2021. [ECF No. 37]. Thus, Sanders was not required to obtain leave of the Court before filing this motion.

### B. Claim 5 and Claim 12 – Retaliatory Misconduct Tickets

Parker alleges that Sanders issued him misconduct tickets in retaliation for filing grievances on two occasions.

#### i.  Claim 5

On April 14, 2020, while he was housed in the COVID unit, Parker asked Sanders for cleaning supplies to disinfect his cell. Sanders refused.

6

Parker says Sanders then wrote him an unjustified class I misconduct ticket for "Incite to Riot or Strike." [ECF No 35; PageID. 20]. The ticket says Parker was kicking on his cell door and yelling at other inmates "to stick together." [*Id*.]. The misconduct hearing was held on May 12, 2020 and the hearing officer dismissed the ticket during the hearing because of due process violations. [ECF No. 35; PageID. 21].

Sanders says the Court should dismiss this claim because Parker failed to exhaust the prison's grievance process after the ticket was dismissed. [ECF No. 50; PageID. 643]. Sanders is correct. As the court ruled in its order on March 9, 2022, a prisoner must file a grievance if a misconduct ticket is dismissed either before or during the hearing. [ECF No. 44; PageID. 9]. The reasoning behind this is that the MDOC policy only precludes prisoners from grieving "decisions made in a … misconduct hearing." MDOC P.D. 03.02.130. A "dismissal" is not a "decision."

The hearing report makes clear that there was a delay in reviewing the ticket, which resulted in a due process violation and dismissal. Based on the report, the officer did not substantively review the alleged misconduct or retaliation.

7

This dismissal was a non-substantive decision and the only way to preserve the allegations of retaliation following such dismissal is to file a grievance so that there can be administrative review of the allegations. Parker is permitted and required to file a grievance and MDOC policy does not preclude him from doing so.

Parker's alternative argument is that the grievance process was unavailable because Sanders refused to give him the grievance paperwork to fill out. [ECF No. 51; PageID.2]. This is the first time Parker raises this issue; he did not include it in his amended complaint. [ECF No. 35; PageID. 7-8].

The Supreme Court held in *Ross v. Blake* that a grievance process is unavailable in three circumstances. First, when "it operates as a simple dead end— with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Ross v. Blake, 578 U.S. 632, 643* (2016). Second, the process is unavailable when the process is so opaque that it becomes incapable of use. *Id*. at 644; meaning, "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id*. Third, the process is unavailable "when prison administrators thwart inmates from taking advantage of it through machination, misrepresentation, or

intimidation." *Id*. see also *Williams v. Correction Officer Priatno*, 829 F.3d 118, 123-24 (6th Cir. 2016).

Parker claims that he asked only Sanders for a grievance form and no one else. He could have asked another correction officer or made further attempts to retrieve the necessary paperwork to file a grievance. He did not do this. He has not presented sufficient support to show that administrators rendered the process unavailable.

Parker would need to seek relief through the grievance process to satisfy exhaustion requirements for claim 5 against Sanders.

### ii.   Claim 12

On October 13, 2020, Sanders wrote Parker a misconduct ticket following a pat down search. The ticket says Sanders asked Parker to submit to a pat down search and Parker turned around and said "[d]o you want me to take off all this stuff?" [ECF No. 50; PageID. 723]. Parker then pulled up his shirt, exposing his bare stomach and chest. Sanders told Parker to pull his shirt down. Parker did that and submitted to the search without incident. Still – Sanders wrote Parker a class II misconduct ticket for Insolence. Parker argues that this was a false, retaliatory ticket.

The misconduct hearing was held on October 18, 2020. Sanders says this claim should be dismissed for failure to exhaust because Parker did not raise the issue of retaliation during the hearing.

It is established in this circuit that a prisoner must allege *during* the misconduct hearing that the ticket was retaliatory as part of his exhaustion requirement. *Siggers v. Campbell*, 652 F.3d 681, 693-94 (6th Cir. 2011); *see also Ayotte v. Stemen*, No. 15-13826, 2019 WL 2219739, at *5 (E.D. Mich. Feb. 27, 2019), *report and recommendation adopted*, No. 15-13826, 2019 WL 1349607 (E.D. Mich. Mar. 26, 2019).

In support of his exhaustion argument, Sanders attached a copy of the misconduct hearing report. [ECF No. 50; PageID. 723-724]. Under the prisoner statement section of the report, it says that Parker entered a plea of not guilty and he stated during the hearing that there was a due process violation. The hearing report does not indicate that Parker alleged the ticket was retaliatory. Parker's response brief says that he did in fact raise the issue, but the hearing officer did not include it in the report. [ECF No. 51; PageID. 2].

These conflicting accounts of what was said during the misconduct hearing create a dispute of fact. *Parker v. Jenkins-Grant*, No. 21-10467,

2021 WL 5564770, at *4 (E.D. Mich. Oct. 29, 2021) (holding that a reasonable jury could conclude that a prisoner raised the issue of retaliation at the misconduct hearing, even if the hearing report does not include the allegations), *report and recommendation adopted*, 2021 WL 5564770 (E.D. Mich., Nov. 29, 2021).

Even if retaliation is raised by the prisoner, that is insufficient to satisfy the exhaustion requirement. If the prisoner is found guilty during the misconduct hearing – which Parker was – the inmate must seek a rehearing to exhaust. MDOC Policy Directive 03.03.150 VVV; *Harris-bey v. Alcodray*, 2017 WL 3124328, at *4 (E.D. Mich. July 24, 2017*); Brown v. Klotz*, 19-11509, 2020 WL 6390500, at *3 (E.D. Mich. Aug. 17, 2020), *report and recommendation adopted*, 2020 WL 5525208 (E.D. Mich. Sep. 15, 2020). This requirement is grounded in MDOC policy, case law, and Michigan statutory law. A prisoner must "file a motion or application for rehearing [of his misconduct conviction] in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." Mich. Comp. Laws § 791.255(1).

Sanders says there is no record that Parker filed an appeal for a rehearing. [ECF No. 50; PageID. 3]. Parker contends that he did file an

11

appeal. [ECF No. 51; PageID. 2-3]. His response brief includes an attached appeal form. [ECF No. 51; PageID. 3-4]. The form contains a brief description of the basis for his appeal. The Court is able to make out the first couple lines of the illegible handwriting which alleges the ticket was retaliatory. The form does not include either a MDOC response or a signature by an MDOC administrator representing that it was received and filed.

Approximately 1 ½ years have passed since the misconduct hearing. Parker makes no mention in his brief that he checked on the status of his appeal. As of April 19, 2022, Parker had 44 misconduct tickets. [ECF No. 50; PageID. 721]. Based on Parker's proven understanding of the grievance and misconduct process, the Court believes that Parker would have followed-up on the appeal he claims he filed 1 ½ years ago. He makes no mention in his brief that he did that. Instead, he raises for the first time in this litigation that he filed an appeal but never received a response. Although the burden is not Parker's to prove he exhausted administrative remedies, the totality of the record supports a finding that he did not file the disputed appeal form.

### iii. Claims 14 and 15

Parker's claims against Sanders include the following:

Claim 14 – On February 28, 2021, Sanders conducted an impermissible search of Parker's cell and destroyed his legal materials in retaliation for his lawsuit.

Claim 15 – On March 1, 2021, Sanders threatened Parker with a false misconduct ticket, and then threatened to have him stabbed if he filed a grievance.

Sanders' motion seeks to dismiss claims 14 and 15 on the grounds that Parker failed to exhaust the grievance process through Step III. Sanders filed a reply brief on May 16, 2022, withdrawing his motion on these claims. [ECF No. 52; PageID. 2]. The brief says "[u]pon further review of the records, Sanders will concede that Parker exhausted claim nos. 14 and 15." [*Id*].

## V. Conclusion

Parker's complaint alleges five claims against Sanders. Sanders filed this motion for partial summary judgment seeking dismissal of four of the claims on exhaustion grounds: 5, 12, 14, and 15. Sanders withdrew his motion to dismiss claims 14 and 15. That portion of Sanders' motion is

13

deemed withdrawn. He also does not challenge that Parker exhausted claim 13.

On claim 5, Parker was required to seek relief through the grievance process. He failed to do that. On claim 12, Sanders sustains his burden to show that it is more likely than not that Parker failed to exhaust administrative remedies by filing an appeal. His motion is granted with respect to claims 5 and 12.

The case will move forward on these claims against Sanders, and he must file an answer to them:

13 – Sanders assaulted Parker by intentionally closing his cell door on his left leg in retaliation for his lawsuit.

14 – Sanders conducted an impermissible search of Parker's cell and destroyed his legal materials in retaliation for his lawsuit.

15 – Sanders threatened Parker with a false misconduct ticket, and then threatened to have him stabbed if he filed a grievance.

The Court **GRANTS** Sanders' motion for partial summary judgment. Sanders must file an answer to the remaining claims by June 22, 2022.

**ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 1, 2022